DRUCO RESTAURANTS, INC.,                    )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )        No. 1:13-cv-00560-LJM-DML
                                            )
STEAK N SHAKE ENTERPRISES, INC.,            )
and                                         )
STEAK N SHAKE OPERATIONS, INC.,             )
                                            )
                    Defendants.             )
_____

PEOPLE SALES & PROFIT COMPANY,              )
INC.,                                       )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )        No. 1:13-cv-00654-LJM-DML
                                            )
STEAK N SHAKE ENTERPRISES, INC.,            )
                                            )
                    Defendant.              )
_____

SCOTT'S S&S, INC.,                          )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )        No. 1:13-cv-00655-LJM-DML
                                            )
STEAK N SHAKE ENTERPRISES, INC.,            )
and                                         )
STEAK N SHAKE OPERATIONS, INC.,             )
                                            )
                    Defendants.             )

## **ORDER ON DEFENDANTS' MOTIONS TO STAY PENDING APPEAL**

Defendants Steak n Shake Enterprises, Inc., and Steak n Shake Operations, Inc.

(collectively "SNS") have appealed this Court's decision denying its motion to stay and

compel arbitration (the "Motion"). *See Druco Restaurants, Inc. v. Steak N Shake*

*Enterprise, Inc.*, Cause No. 1:13-cv-00560-LJM-DML, Dkt. No. 55 (hereinafter "*Druco*");

*Peoples Sales & Profit Co. v. Steak n Shake Enterprises, Inc.*, Cause No. 1:13-cv-00654, Dkt. No. 54 (hereinafter "*PSPC*"); *Scott's S&S, Inc. v. Steak N Shake Enterprises, Inc.*, 1:13-cv-00655-LJM-DML, Dkt. No. 62 (hereinafter, "*Scott's*"). Plaintiffs, Druco Restaurants, Inc. ("Druco"), People Sales & Profit Company, Inc. ("PSPC") and Scott's S&S, Inc. ("Scott's") (collectively, the "Franchisees"), oppose the Motion. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. <u>BACKGROUND</u>

The Franchisees individually sued SNS seeking, *inter alia*, a declaratory judgment regarding whether or not certain policies of SNS constitute grounds for termination of their respective franchise agreements and alleging breach of contract, fraud and violation of respective state franchise laws based on the same conduct. *See, e.g.*, *PSPC*, Dkt. No. 1. In each of the respective cases, SNS moved to stay the action and for an order compelling the Franchisees to participate in non-binding arbitration; the Court denied that motion for multiple reasons. *See Druco*, Dkt. No. 40; *PSPC*, Dkt. No. 41; *Scott's*, Dkt. No. 51. One of those reasons was based on the nonbinding nature of the arbitration called for by the respective franchise agreements. *See*, *e.g.*, *Druco*, Dkt. No. 40, at 10-12.

On November 6, 2013, SNS timely appealed the Court's decision and filed the instant Motion on January 9, 2014. *See, e.g.*, *Druco*, Dkt. Nos. 42 & 55.

## II. **DISCUSSION**

SNS argues that the Court should stay its hand because otherwise the point of the appeal would be defeated and Seventh Circuit case law demands that this Court stay its hand. *See Druco*, Dkt. Nos. 56, at 3-6; 60, at 4-7 (citing, *inter alia*, *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). SNS also notes that the issue presented in this case, whether or not non-binding arbitration is subject to the mandatory stay provisions of the Federal Arbitration Act ("FAA"), is a novel one for the Seventh Circuit. *See Druco*, Dkt. No. 60, at 7.

The Franchisees argue that the Court's decision that non-binding arbitration is not subject to the FAA does not divest this Court of jurisdiction over the case while an appeal is pending. *See Druco*, Dkt. No. 59, at 3-6. Moreover, the Franchisees contend that SNS is merely trying to delay resolution of the Franchisees' claims and raise litigation costs; therefore, the proceedings here should move in parallel to the appellate proceedings. *Id.*

The Court concludes that the reasoning of *Bradford-Scott* applies, even in a case such as this where the Court has concluded that the FAA does not apply to the parties' agreement, and that a stay is proper. As SNS points out, the question is

> not whether appellants have shown a powerful reason why the district court must halt proceedings, but whether there is any good reason why the district court may carry on once an appeal has been filed. For it is fundamental to a hierarchical judiciary that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance---it confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal."

*Bradford-Scott*, 128 F.3d at 505 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); further citation omitted). The Franchisees have simply not shown that there is any good reason for this Court to proceed when the Seventh Circuit is considering the fundamental issue of whether or not proceedings in this Court are proper under the parties' agreements. Moreover, the question of the impact of the non-binding nature of the arbitration called for in the agreements is one of first impression, which makes the reasoning of *Bradford-Scott* all the more compelling.

For these reasons, Defendants', Steak n Shake Enterprises, Inc., and Steak n Shake Operations, Inc., Expedited Motion to Stay Litigation Pending Appeal in each case (*Druco*, Dkt. No. 55; *PSPC*, Dkt. No. 54; *Scott's*, Dkt. No. 62) is **GRANTED**.

IT IS SO ORDERED this 23rd day of January, 2014.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Fredric A. Cohen
CHENG COHEN LLC
fredric.cohen@chengcohen.com

Marlen Cortez Morris
CHENG COHEN LLC
marlen.cortez@chengcohen.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Joshua A. Stevens
GREENSFELDER HEMKER & GALE PC
js@greensfelder.com

Lizabeth M. Conran
GREENSFELDER HEMKER & GALE, PC
lmc@greensfelder.com

Kirsten M. Ahmad
GREENSFELDER, HEMKER & GALE, PC
km@greensfelder.com

Tonya L. Sallee
STEAK N SHAKE ENTERPRISES INC
tonya.sallee@steaknshake.com